UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANTE LIZALDE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 19-cv-0956 (KBJ) |
|  | ) |
| MARTIN G. GOLDBERG, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In 1998, a jury found plaintiff Dante Lizalde guilty of conspiring to distribute and to possess with intent to distribute cocaine, conspiring to import cocaine, and aiding and abetting the possession of cocaine with intent to distribute; as a result of these convictions, Lizalde was sentenced to three concurrent terms of 292 months of imprisonment. *See Lizalde v. United States*, No. 07-cv-5082, 2007 WL 4373287, at *1 (E.D.N.Y. Dec. 10, 2007). Lizalde's conviction was affirmed on direct appeal, *United States v. Lizalde*, 38 F. App'x 657 (2d Cir. 2002), *cert. denied*, 537 U.S. 1059 (2002), and his motions seeking collateral relief under 28 U.S.C. § 2255 were denied. *See Lizalde*, 2007 WL 4373287, at *1–2; *Lizalde v. United States*, Nos. 13-3038, 13-4390 (2d Cir. Dec. 16, 2013).[1]

Proceeding pro se, Lizalde has filed the instant Complaint against Attorney General William Barr and President Donald Trump, as well as three of the attorneys

---

[1] According to records from the Federal Bureau of Prisons that are available online, Lizalde is currently incarcerated at FCI Victorville and is scheduled to be released on December 26, 2019.

who represented him in his prior criminal proceedings (collectively, "Defendants"). (*See* Compl., ECF No. 1.) *See also United States v. Lizalde*, No. 97-cr-0649-12 (E.D.N.Y.).[2] Lizalde alleges that, during the course of his trial, his defense attorneys and the government conspired to "drag[] him to a court's hearing where he was compelled to be a witness against himself" (Compl. at 1), and that jury's verdict is "NULL AND VOID" because the jury "never found Lizalde guilty of the drug type nor the drug amount" (*id.* at 2; *see also id.* at 4 (asserting that "[t]he government, in conspiracy with Lizalde's attorney[s], kept Lizalde under slavery for almost 20 years, without any remedy")). Lizalde further asserts that Defendants have violated his constitutional rights and the Universal Declaration of Human Rights. (*See id.* at 4.) As a remedy for these alleged violations, Lizalde seeks an award of compensatory and punitive damages. (*See id.* at 5.)

Upon *sua sponte* review of Lizalde's complaint, this Court has determined that the pleading is subject to dismissal under Federal Rules of Civil Procedure 8(a) and 12(b)(6), for the reasons stated below.

I.

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted. *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "However, if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) is patent, it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources for the court

---

[2] The defendant attorneys are Martin G. Goldberg, Richard B. Lind, and Marcia Shein.

to act on its own initiative and dismiss the action." *Shaw v. Ocwen Loan Servicing, LLC*, No. 14-cv-2203, 2015 WL 4932204, at *1 (D.D.C. Aug. 18, 2015) (internal quotation marks and citation omitted). Furthermore, under Rule 8(a), a court may dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

That said, it is well established that pro se pleadings are entitled to liberal interpretation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, this consideration does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Indeed, district courts have discretion to dismiss a pro se plaintiff's complaint *sua sponte* where there is simply "no factual or legal basis for alleged wrongdoing by defendants," such that it is "'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)).

II.

Turning first to Lizalde's claim for damages under the United Nations Universal Declaration of Human Rights, this Court finds that it is patently obvious that this claim fails as a matter of law because "[t]his declaration is merely a nonbinding resolution, not a treaty. It is not and does not purport to be a statement of law or of legal obligation." *Haitian Refugee Ctr., Inc. v. Gracey*, 600 F. Supp. 1396, 1406 (D.D.C. 1985) (internal quotation marks and citation omitted), *aff'd sub nom. Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794 (D.C. Cir. 1987). "It is plain, therefore, that this declaration provides no right of action for the plaintiff[]." *Id.*; *see also Ficken v. Rice*, No. 04-cv-1132, 2006 WL 123931, at *5–6 (D.D.C. Jan. 17, 2006) (dismissing claims seeking damages based on violation of the U.N. Universal Declaration of Human Rights because "[t]hough the U.N. Declaration may be considered evidence of customary international law, it is not legally binding or self-executing" (citation omitted)).

With respect to Lizalde's demand for monetary damages from the Attorney General and the President for purported violations of his constitutional rights stemming from his allegedly invalid trial and convictions, this Court finds that any such claim—whether viewed as a claim for individual capacity damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or an official capacity damages claim—necessarily fails under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck v. Humphrey*, the plaintiff brought an action under 42 U.S.C. § 1983 against prosecutors and police investigators involved in his criminal prosecution, alleging that the prosecutors and police had engaged in unlawful conduct that led to his arrest and unconstitutional conviction. 512 U.S. at 479. The Supreme Court noted that "the hoary principle that civil tort actions

are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement[.]" *Id*. at 486. And the Court specifically held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id*. at 486–87 (footnote omitted); *see also Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam) (applying the rule announced in *Heck* to *Bivens* actions). Accordingly, when faced with a civil action against a federal defendant related to a prior criminal proceeding, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Lizalde's constitutional claims necessarily implicate the validity of his convictions and sentence, and he does not plead in his complaint that his convictions or sentence have been reversed or otherwise invalidated. Therefore, consistent with binding Supreme Court precedent, his constitutional claims for damages against the President and the Attorney General necessarily fail. *See, e.g.*, *Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL

5

2202219, at *1 (D.D.C. May 27, 2008).

Finally, with respect to Lizalde's claims against his three former defense counsel for alleged constitutional violations, it is clear that "[t]here can be no violation of the Constitution without governmental action. . . and governmental action requires that the party charged with the deprivation must be a person or entity who may fairly be said to be a governmental actor." *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 115 (D.D.C. 2018) (internal quotation marks, citation, and alterations omitted); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). And the law is likewise clear that that criminal defense attorneys, regardless of whether they are retained counsel, public defenders, or court-appointed, are not governmental actors for purposes of constitutional claims. *See Hinton v. Rudasill*, 624 F. Supp. 2d 48, 50 n.2 (D.D.C. 2009) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, Lizalde's damages claims against Goldberg, Lind, and Shein must be dismissed as well.

## III.

For the reasons explained above, this Court will dismiss Lizalde's complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) *sua sponte*. A separate, final Order accompanies this Memorandum Opinion.

DATE: May 7, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge